IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PYRAMID TRANSPORTATION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-0149-D |
| VS. | § | |
| | § | |
| GREATWIDE DALLAS MAVIS, LLC | § | |
| D/B/A GREATWIDE DALLAS MAVIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Pyramid Transportation, Inc. ("Pyramid") seeks leave to file a second amended complaint and an appendix in support of its summary judgment reply. For the reasons explained, the court grants both motions.[1]

I

This lawsuit arises from an accident in which a Caterpillar dump truck (the "truck") en route from Georgia to Texas was heavily damaged when it was struck by a train. The alleged owner of the truck, Claudio Macias ("Macias"), is no longer a party to this suit. Pyramid brokered the transportation, and defendant Greatwide Dallas Mavis, LLC d/b/a Greatwide Dallas Mavis ("Greatwide") was the carrier at the time of the accident. Pyramid brought suit in its own name against Greatwide alleging the right to recover under the Carmack Amendment, 49 U.S.C. § 14706 *et seq*.

---

[1] There are several pending motions in this case. The court is only deciding these motions at this time.

Pyramid filed a motion for partial summary judgment, asking the court to hold that Greatwide is strictly liable for the damage caused to the truck and that it is liable for attorney's fees associated with the suit. Greatwide argued in response that, *inter alia*, Pyramid lacks standing because it does not own the truck and therefore has not been injured in fact. This was the first time in the case that Pyramid's standing had been questioned; before Pyramid moved for partial summary judgment, Greatwide was under the impression that Macias had assigned his rights in the truck to Pyramid. Greatwide maintained that, after examining the summary judgment evidence, it concluded that Pyramid at most had a power of attorney. It therefore argued that Pyramid lacked standing to bring a Carmack Amendment claim in its own name.

Pyramid filed a summary judgment reply brief that included an evidentiary appendix. Greatwide moved the court to strike the appendix. The court denied the motion as moot because, regardless whether Greatwide had moved to strike the appendix, the court would not consider the evidence in the reply appendix because Pyramid had not sought leave of court to file it. Pyramid then sought leave to file the appendix[2] and leave to file a second amended complaint to establish its standing. Greatwide opposes the motion to amend; it has

---

[2]Pyramid in fact seeks leave not only to file the reply appendix but a reply brief. Such leave seems unnecessary because the court only ruled that it would disregard the reply appendix, not the reply brief.
  Pyramid has separately moved for leave to amend its reply brief to incorporate new evidence and argument that it maintains was not available at the time it filed the motions at issue here. Although that motion is related to the motions now at issue, the court will not decide the motion before the briefing on the motion has been completed.

not responded to Pyramid's motion for leave to file the reply appendix.

II

The court turns first to Pyramid's motion for leave to file an appendix in support of its summary judgment reply brief. This court's local civil rules do not permit a party to submit as of right additional evidence with a summary judgment reply brief. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) ("Accordingly, a summary judgment movant may not, as of right, file an appendix in support of his reply brief."). A party may file a reply brief evidentiary appendix only with leave of court. *See id.* Pyramid moves for such leave, contending that there is good cause because Greatwide's summary judgment response is in substance a motion to dismiss for lack of standing, and that injustice will occur if it cannot respond with supporting evidence.

The underlying premise for the rule prohibiting summary judgment reply brief evidentiary appendixes as a matter of right is that a party should not be permitted to submit new evidence by way of a reply brief. *See id.* at 103. This is because the "[t]he office of [a] reply brief . . . is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials." *Id.* (quoting *Tovar v. United States*, 2000 WL 425170, at *4 n.8 (N.D. Tex. Apr. 18, 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 135 (5th Cir. 2000) (unpublished table opinion)). "[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc., v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex.

1991). Even so, because under the governing substantive law a summary judgment movant may be entitled to introduce evidence in support of his reply, the bar against introducing new evidence is not absolute. *See Dethrow*, 204 F.R.D. at 104. When the substantive law permits such evidence, however, the movant must seek leave of court to submit the evidence at the reply brief stage. *See id.* ("If, under the governing substantive law, the summary judgment movant is entitled at the reply stage to rely on additional evidence to support his motion, he must seek leave of court to file a reply appendix."). "Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances." *Id.* (quoting *Tovar*, 2000 WL 425170, at *4 n.8).

Here, Greatwide has separately moved for summary judgment, raising the same issues as it did in response to Pyramid's motion for partial summary judgment. Accordingly, Greatwide will have an opportunity through its own motion to refute the evidence on which Pyramid relies to establish standing (including the evidence submitted by Pyramid at the reply brief stage of its own motion for partial summary judgment). Because Greatwide will have a fair opportunity to respond to Pyramid's additional evidence,[3] and because Greatwide has not demonstrated that it will be unduly prejudiced by the court's allowing Pyramid to file the reply appendix, the court concludes that "no injustice will result if the evidence is considered." *Fire King Int'l, L.L.C. v. Tidel Eng'g, L.P.*, 613 F.Supp.2d 836, 838 (N.D. Tex. 2009) (Fish, J.) (citing *Springs Indus.*, 137 F.R.D. at 239). The court therefore grants the

---

[3]The court also has the discretion to grant Greatwide leave to file a surreply and to grant Pyramid leave to file a final reply. *See Springs Indus.*, 137 F.R.D. at 240.

motion. To avoid unnecessary expense from refiling the appendix as a separate document, the court deems document 70-2, filed July 12, 2012, as properly filed.

III

The court next considers Pyramid's motion for leave to file a second amended complaint.

A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Pyramid filed its motion for leave to amend on July 27, 2012, four days before the deadline specified in the scheduling order. When a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court can consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B

In this case, there is no indication that allowing the amendment would cause undue delay or prejudice Greatwide. The proposed second amended complaint merely adds factual allegations to support standing, and a contract claim.[4] The new contract claim is based, however, on the same set of facts as is the Carmack Amendment claim. This court can therefore see no reason why Pyramid's amendment would prejudice Greatwide, and it will not credit Greatwide's conclusory assertions to the contrary. *See Bates v. Brewer, Brewer, Anthony & Middlebrook*, 2003 WL 23407497, at *2 (N.D. Tex. July 15, 2003) (Lindsay, J.) ("Other than to state in conclusory fashion that the amendment will cause it prejudice, [defendant] sets forth nothing to establish how an amendment . . . will prejudice it.").[5]

---

[4]Greatwide asserts that "Pyramid's proposed Second Amended Complaint does not assert any new cause of action and only asserts a claim under the Carmack Amendment," D. Br. 2, and Pyramid's brief does not mention adding a contract claim. The proposed second amended complaint can be read, however, to allege a breach of contract claim as count 2. *See* Prop. 2d Am. Compl. ¶ 24; *cf. id.* headers preceding ¶¶ 14 and 25.

[5]The court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment. *See, e.g., Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 2592353, at *3 (N.D. Tex. Sept. 10, 2007) (Fitzwater, J.) (denying motion for leave to amend after summary judgment motion filed); *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *11 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (same). And, as the Fifth Circuit has recognized, "'[t]o grant . . . leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint . . . . A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.'" *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting this court's opinion below), *aff'g*, 685 F. Supp. 968 (N.D. Tex. 1988) (Fitzwater, J.). But in this case, Pyramid's motion for leave to file its second amended complaint was filed after *its own* motion for summary judgment, *and before* Greatwide filed its motion for summary judgment. *See*

Greatwide also asserts that Pyramid's proposed amended complaint is futile because it does not cure Pyramid's lack of standing. This court has frequently noted that

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am.*, 2002 WL 206454, at *1-2). The court sees no reason to depart from this practice and therefore declines to deny Pyramid's motion on the basis of futility of amendment.

---

*Alexander v. Metrocare Servs.*, 2009 WL 3378625, at *2 n.2 (N.D. Tex. Oct. 21, 2009) (Fitzwater, C.J.) (distinguishing motion for leave to amend filed *before* opposing party's motion for summary judgment from motion for leave to amend filed *after* such motion for summary judgment).

\* \* \*

For the reasons explained, the court grants Pyramid's July 12, 2012 motion for leave to file the reply appendix and its July 27, 2012 motion for leave to file an amended complaint.[6]

**SO ORDERED.**

November 21, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]Pyramid also recently submitted a letter requesting that the court issue a prompt ruling regarding Pyramid's motion to strike Greatwide's late-disclosed expert because a ruling in its favor would moot a *Daubert* motion it anticipated filing, and the deadline for filing pretrial motions was rapidly approaching. Because Pyramid's motion to strike Greatwide's late-disclosed expert may itself be mooted, and because the court in its discretion can extend the deadline for filing the *Daubert* motion, the court declines to consider the motion to strike at this time or to issue an expedited ruling.