IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PYRAMID TRANSPORTATION, INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:12-CV-0149-D |
| VS. | § | |
| | § | |
| GREATWIDE DALLAS MAVIS, LLC | § | |
| D/B/A GREATWIDE DALLAS MAVIS, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action alleging a claim under the Carmack Amendment, 49 U.S.C.

§ 14706 *et seq*., the court must decide on the parties' cross-motions for summary judgment

whether a non-shipper broker has constitutional and prudential standing to sue for damages

to its customer's truck and for related damages of its own.  The court holds that the broker

has constitutional standing, but it raises *sua sponte* that the broker lacks prudential standing.

On the assumption that the court will ultimately dismiss the broker's Carmack Amendment

claim, the court also directs further procedures so that it can determine its diversity

jurisdiction to adjudicate the parties' remaining state-law breach of contract claim and

counterclaim.

I

This lawsuit arises from an accident in which a large articulated Caterpillar dump truck (the "truck") owned by Claudio Macias ("Macias")[1] was damaged while being shipped from Georgia to Texas.[2]   Macias is a customer of plaintiff-counterdefendant Pyramid Transportation, Inc. ("Pyramid"), a transportation broker.   In March 2011 Pyramid arranged for defendant-counterplaintiff Greatwide Dallas Mavis, L.L.C. d/b/a Greatwide Mavis ("Greatwide"), an interstate motor carrier, to transport the truck from Georgia to Texas. While in transit, the truck was struck by a train and suffered severe damage.   In the wake of the accident, Pyramid paid a third party approximately $5,000 to transport the truck to Texas, and Pyramid is now incurring the costs of storing the damaged truck.   Until this case is resolved, Macias refuses to pay Pyramid for approximately $80,000 worth of services rendered.   Pyramid has in turn refused to pay Greatwide for services rendered on other jobs.

Pyramid originally sued Greatwide in Texas state court on behalf of itself and Macias,

---

[1]Ownership of the truck is a contested issue.  For purposes of this decision, the court will assume *arguendo* that Macias owns the truck, as Pyramid maintains.

[2]Both sides have moved for summary judgment.  As the court has stated in cases like *AMX Corp. v. Pilote Films*, "[b]ecause both parties have filed motions for summary judgment, the court will principally recount only the evidence that is undisputed.  If it is necessary to set out evidence that is contested, the court will do so favorably to the party who is the summary judgment nonmovant in the context of that evidence.  In this way it will comply with the standard that governs resolution of summary judgment motions."  *AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1 n.2 (N.D. Tex. June 5, 2007) (Fitzwater, J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)), *modified in part on other grounds*, 2007 WL 2254943 (N.D. Tex. Aug. 7, 2007) (Fitzwater, J.).

alleging a right to recover under the Carmack Amendment.  Greatwide removed the case to this court under 28 U.S.C. § 1331 based on this court's jurisdiction over a Carmack Amendment claim exceeding $10,000.  *See* 28 U.S.C. § 1337(a).  Pyramid later amended its complaint to drop Macias as a party, and it obtained a durable power of attorney to act on his behalf regarding litigation involving the truck.  Pyramid's present Carmack Amendment claim seeks to recover on behalf of Macias for damages to his truck and on Pyramid's behalf for damages resulting from transporting the truck to Texas, loss of use, lost business opportunities, and the costs of storing the truck.  Greatwide counterclaims for breach of contract and seeks payment on Pyramid's outstanding account.

After some discovery, Pyramid filed the instant motion for partial summary judgment, asking the court to hold that Greatwide is strictly liable for the damage to the truck and for attorney's fees incurred in bringing suit. Greatwide argued in response, *inter alia*, that Pyramid lacked standing because it did not own the truck and therefore had not been injured in fact.  This was the first time in the case that Pyramid's standing had been questioned, because at the outset of the litigation it appeared that Macias had assigned his rights to Pyramid.  This prompted Pyramid to seek and obtain leave of court to file a reply appendix addressing standing and leave to file a second amended complaint.[3] Although the second

_____

[3]Although the court granted Pyramid leave to file the second amended complaint, *see Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, 2012 WL 5875603, at *3 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.), Pyramid has never actually filed it, as N.D. Tex. Civ. R. 15.1 requires.  Rule 15.1(b), which applies to amended pleadings filed electronically, provides that, "[i]f leave is granted, the party must then electronically file the amended pleading, subject to the restrictions and requirements of the ECF Administrative Procedures

amended complaint left the Carmack Amendment claim substantively unchanged, it added a state-law breach of contract claim that substantially overlaps with the Carmack Amendment claim.

Greatwide also moves for summary judgment, or, in the alternative, for partial summary judgment. It maintains for several reasons that it is not liable to Pyramid, or, if it is liable, that Pyramid's damages are limited.

The parties' cross-motions for summary judgment are now before the court for decision.[4]

## II

When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37

---

Manual." Pyramid should have filed the second amended complaint after the court granted leave. But even though Pyramid did not do so, it did include the second amended complaint as an attachment to its July 27, 2012 motion for leave. In this memorandum opinion and order the court has relied on that copy. Pyramid must, however, separately file the second amended complaint, as Rule 15.1(b) requires, within 14 days of the date this memorandum opinion and order is filed.

[4]Pyramid files on October 30, 2012 a motion for leave to file an amended reply brief. The court grants the motion, but notes that the amended pleading does not alter today's decision on the merits.

F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence

is such that a reasonable jury could return a verdict in the opposing party's favor.  *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The opposing party's failure to produce

proof as to any essential element of a claim renders all other facts immaterial.  *See Trugreen*

*Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).

Summary judgment is mandatory if the opposing party fails to meet this burden.  *Little*, 37

F.3d at 1076.[5]

III

Greatwide challenges Pyramid's standing to pursue a Carmack Amendment claim.

A

"The Carmack Amendment to the Interstate Commerce Act of 1887 governs the

liability of motor carriers for loss or damage to goods transported in interstate commerce."

*AIG Europe (Netherlands), N.V. v. UPS Supply Chain Solutions, Inc.*, e765 F.Supp.2d 472,

---

[5]Were Pyramid entitled to recover under the Carmack Amendment, it would have a higher burden in establishing its right to partial summary judgment on that claim.  It would be obligated to "establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  This means that Pyramid would be required to demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law.  *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).  "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).  The court need not apply this standard, however, because it is granting summary judgment for Greatwide in part and raising *sua sponte* that Greatwide is otherwise entitled to dismissal of Pyramid's Carmack Amendment claim.

481 (S.D.N.Y. 2011) (citing 49 U.S.C. § 14706(d)).  The Carmack Amendment provides, in

relevant part:

> [a] carrier providing transportation or service . . . shall issue a
> receipt or bill of lading for property it receives for transportation
> under this part.  That carrier and any other carrier that delivers
> the property and is providing transportation or service . . . are
> liable to the person entitled to recover under the receipt or bill
> of lading.  The liability imposed under this paragraph is for the
> actual loss or injury to the property . . . .  Failure to issue a
> receipt or bill of lading does not affect the liability of a carrier[.]

49 U.S.C. § 14706(a)(1).  The Carmack Amendment is intended to "relieve shippers of the

burden of searching out a particular negligent carrier from among the often numerous carriers

handling an interstate shipment of goods."  *Reider v. Thompson*, 339 U.S. 113, 119 (1950);

*accord Edwards Bros., Inc. v. Overdrive Logistics, Inc.*, 581 S.E.2d 570, 572 (Ga. App.

2003) ("Its main purpose is to secure the rights of the shipper by securing unity of

transportation with unity of responsibility." (quoting *Cent. of Ga. R. Co. v. Council*, 136 S.E.

418 (Ga. 1927))).   "The Carmack Amendment [does] this both by establishing a single

uniform regime for recovery by shippers directly from the interstate common carrier in

whose care their items are damaged, and by preempting the shipper's state and common law

claims against a carrier for loss or damage to goods during shipment."  *AIG Europe*, 765

F.Supp.2d at 481-82 (quoting *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir.

2001)).  It also benefits carriers in that it "supersede[s] diverse state laws with a nationally

uniform policy governing interstate carriers' liability for property loss."  *N.Y., N.H. & H.R.*

*Co. v. Nothnagle*, 346 U.S. 128, 131 (1953).  Instead of the uncertainty arising from "varying

- 6 -

laws that might apply to a dispute arising out of any given interstate shipment of goods,"
*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 381 (5th Cir. 1998), the Carmack
Amendment affords interstate carriers "reasonable certainty and uniformity in assessing their
risks and predicting their potential liability."  *Project Hope*, 250 F.3d at 73 n.6 (citing
*Morris*, 144 F.3d at 381; *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir.
1993)).

B

1

Greatwide contends that Pyramid lacks constitutional standing to prevail on its
Carmack Amendment claim.  To have constitutional standing, "the plaintiff must show that
it has 'suffered injury in fact, that the injury is fairly traceable to the actions of the defendant,
and that the injury will likely be redressed by a favorable decision.'"  *AHF Cmty. Dev.,
L.L.C. v. City of Dall.*, 633 F.Supp.2d 287, 292 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting
*Bennett v. Spear*, 520 U.S. 154, 162 (1997)).  Greatwide maintains that Pyramid cannot
satisfy the injury-in-fact prong because Macias, not Pyramid, was injured by Greatwide's
actions.  Greatwide cites *W.R. Huff Asset Management Co. v. Deloitte & Touche, LLP*, 549
F.3d 100, 107-109 (2d Cir. 2008), for the proposition that a plaintiff cannot have
constitutional standing to pursue a non-party's claim in its own name without a valid
assignment, and that a power of attorney is insufficient.  Pyramid responds that it is in fact
injured; it has had to spend thousands of dollars in alternate transportation and storage fees
for the damaged truck, and has not received $80,000 in accounts receivable that Macias owes

- 7 -

but refuses to pay until this claim is resolved.

2

The court holds that Pyramid has constitutional standing to bring its Carmack Amendment claim. It is not dispositive for purposes of constitutional standing that Pyramid has only a power of attorney from Macias rather an assignment, as Greatwide argues. *W.R. Huff* involved an investment advisor who sued on behalf of clients who were allegedly injured by the defendant's underwriting practices. *W.R. Huff*, 549 F.3d at 103-05. The Second Circuit only held that there was no injury-in-fact because the plaintiff-investment advisor also failed to allege a personal injury, not because the plaintiff lacked an assignment. *Id*. at 107. In the present case, however, Pyramid has introduced evidence that, in addition to Macias' injuries, it also suffered injuries in the form of increased costs and lost payments that are attributable to Greatwide. Pyramid has therefore established constitutional standing.

C

Greatwide's argument that Pyramid lacks constitutional standing implicitly raises the question whether Pyramid has prudential standing to sue under the Carmack Amendment on behalf of Macias for damage to the truck or on its own behalf for damages closely linked to the truck. Although this issue has not been adequately raised by Greatwide's summary judgment motion, the court can raise a new ground for summary judgment *sua sponte*, provided it affords Pyramid notice and a fair opportunity to respond. *See, e.g., Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir.

- 8 -

1991)).

1

Along with *W.R. Huff*, Greatwide cites *American Home Mortgage Servicing, Inc. v. Donovan*, 2011 WL 2923978 (N.D. Tex. July 20, 2011) (Lynn, J.), in which Judge Lynn dismissed for lack of prudential standing a suit by a mortgage servicing company asserting the claims of customers who had not assigned their claims to the company. *Id.* at *3-4. Judge Lynn explained that the limits of prudential standing "require[] that a plaintiff must assert its own legal rights and interests, and [not] rest its claim to relief on the legal rights or interests of third parties." *Id.* at *2. Unlike constitutional standing requirements, Congress can override prudential limits. *See, e.g., AHF Cmty. Dev.*, 633 F.Supp.2d at 293 (citations omitted). Therefore, to determine whether Pyramid can maintain a Carmack Amendment claim on Macias' behalf, the court must first decide whether Pyramid can even bring a Carmack Amendment claim at all; in other words, the court must resolve "'whether [Pyramid] has been granted a right to sue by the statute under which [it] brings suit.'" *Nuclear Info. & Res. Serv. v. N.R.C.*, 457 F.3d 941, 950 (9th Cir. 2006) (quoting *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1199 (9th Cir. 2004)). And to determine whether Pyramid can recover under the Carmack Amendment for its own injuries (storage and transportation costs, loss of use, and loss of business opportunities), the court must address the similar but distinct question whether Pyramid can sue under the Carmack Amendment on its own behalf. The two questions therefore converge into one analysis of whether Pyramid, a broker, is entitled to sue under the Carmack Amendment either on behalf of

Macias for damage to the truck or on its own behalf for damages closely linked to the damage to the truck.

Only those "entitled to recover under the receipt or bill of lading" can sue under the Carmack Amendment. 49 U.S.C. § 14706(a)(1). Here, however, the summary judgment record contains only a load confirmation contract that Pyramid maintains is the only document that could reasonably constitute a receipt. But this load confirmation contract contains nothing that would enable a reasonable jury to find that it was intended to grant Pyramid the right to recover for a loss to the shipment. *See Cowan Sys. LLC v. Choctaw Transport, Inc.*, 2011 WL 2791248, at *2 (D. Md. July 14, 2011), *rec. adopted*, No. 1:11-CV-367-WDQ, slip op. at 1 (D. Md. Aug. 8, 2011) (finding that although broker's name was on bill of lading, broker was not identified as party entitled to recover for loss).[6] Moreover, bills of lading are typically between shippers and carriers. *See Taft Equip. Sales Co. v. Ace Transp., Inc.*, 851 F. Supp. 1208, 1212 (N.D. Ill. 1994) ("Generally, a bill of lading binds the *shipper* and all connecting *carriers*.") (emphasis added). Indeed, when brokers have maintained suits under the Carmack Amendment, they have done so by stepping into the

---

[6]There are cases that can be read to suggest that the court presumed that brokers were entitled to recover under bills of lading. *See TRG Holdings, LLC v. Leckner*, 2006 WL 2076768, at *2 (E.D. Va. July 20, 2006) (stating that broker "may have a claim against [the carrier] for actual damages, but he must properly raise those pursuant to the Carmack Amendment rather than bootstrap them in via a third-party complaint alleging state law claims"); *Taft Equip. Sales Co. v. Ace Transp., Inc.*, 851 F. Supp. 1208, 1208 (N.D. Ill. 1994) (implicitly permitting truck broker to maintain Carmack Amendment action against carrier). But because these cases can also be read to pertain to brokers who were in fact entitled to recover under the bills of lading or who stepped into the shoes of the shippers, the cases do not appear to be inconsistent with the court's decision today.

shoes of the shippers who were the parties entitled to recover under the bills of lading. *See, e.g., AIDA Dayton Techs. Corp. v. I.T.O. Corp. of Balt.*, 137 F.Supp.2d 637, 646-47 (D. Md. 2001).[7] The court therefore raises *sua sponte* that Pyramid is not entitled to recover on behalf of Macias or on its own behalf under the bill of lading.

2

When a broker is not entitled to recover under a bill of lading, it can nonetheless maintain a Carmack Amendment action against a carrier if it stands in the shoes of a party who is entitled to recover. *See Propak Logistics, Inc. v. Landstar Ranger, Inc.*, 2012 WL 1068118, at *3 (W.D. Ark. 2012) ("The Carmack Amendment . . . applies when a broker or other party steps into the shoes of a shipper and asserts a claim for damages pursuant to a bill of lading for the transportation of goods."). This usually occurs through assignment or some form of subrogation. *See Intransit, Inc. v. Excel N. Am. Rd. Transp., Inc.*, 426 F.Supp.2d 1136, 1141 (D. Or. 2006) (stating that majority of cases in which state claims by "stranger[s] to the bill of lading" were preempted "involv[ed] assignees of rights."); *Transcorr Nat'l Logistics, LLC v. Chaler Corp.*, 2008 WL 5272895, at *4 (S.D. Ind. Dec. 19, 2008) ("It is possible that a broker might bring a claim against a carrier under the Carmack Amendment on behalf of the shipper under a bill of lading, such as by subrogation."). *See also REI Transp., Inc. v.*

---

[7]Although under the Carmack Amendment the "[f]ailure to issue a receipt or bill of lading does not affect the liability of a carrier," 49 U.S.C. § 14706(a), this cannot mean that a party who is not entitled to sue under the Carmack Amendment can bring a suit when no receipt or bill of lading is issued. It means that a carrier's liability to a party who is entitled to bring suit is not affected by the failure to issue a receipt or bill of lading.

*C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 694 (7th Cir. 2008) (allowing broker to maintain Carmack Amendment suit where shipper assigned broker its rights); *Am. Home Mortg.*, 2011 WL 2923978, at *2 ("[C]ourts have generally held that a party in interest may assign its legal claims to a third party, typically by a contract assigning its full and exclusive interest in a legal claim to the assignee." (citation omitted)).

It is undisputed that Macias has not assigned his rights to Pyramid. Macias has instead granted Pyramid a power of attorney to pursue his claim against Greatwide. Even assuming *arguendo* that this power of attorney would allow Pyramid to sue Greatwide for Macias' damages in Macias' name, Pyramid is suing in its own name to recover for Macias' and Pyramid's injuries. Just as a power of attorney is insufficient to establish standing because it does not place the plaintiff in the shoes of the party who was actually harmed, *see W.R. Huff*, 549 F.3d at 109, a power of attorney is also insufficient to put Pyramid in the shoes of Macias so that it can recover Macias' damages under the Carmack Amendment.

Pyramid has also failed to adduce any evidence that it is subrogated to Macias' rights. It has not presented evidence that it has stepped into Macias' rights via contract, as insurance companies often do in Carmack Amendment claims, *see, e.g., Lumbermens Mutual Casualty Co. v. GES Exposition Services, Inc.*, 303 F.Supp.2d 920, 921 (N.D. Ill. 2003); *Travelers Property & Casualty Co. v. Interstate Heavy Hauling Co.*, 2000 WL 900482, at *1 (D. Or. Feb. 16, 2000), or that the court should hold there is legal subrogation. Legal subrogation is an equitable doctrine that is intended to prevent unjust enrichment on the part of the wrongdoer and is typically applied to sureties. *See Lyndon Prop. Ins. Co. v. Duke Levy &*

*Assocs., LLC*, 475 F.3d 268, 270 (5th Cir. 2007) (citing *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136 (1962)).  Legal subrogation does not appear to apply here because, unlike a surety, Pyramid can still recover for its losses without subrogation, such as through a contract claim.  *See Intransit*, 426 F.Supp.2d at 1141 (holding that broker's contract claim to recover from carrier for money withheld from shipper on account of carrier's actions was not preempted because not under bill of lading); *Edwards*, 581 S.E.2d at 572 (same).  Pyramid may also have a contract claim against Macias.  Therefore, assuming *arguendo* that Pyramid meets all the other requirements for legal subrogation,[8] the court declines to apply this doctrine because Pyramid has available contract remedies.

3

In sum, although Pyramid has shown that it was harmed by Greatwide's actions, it has not provided any evidence that it "ha[s] any rights under the bill of lading, that [Macias] assigned its rights under the bill of lading to [Pyramid], or that any type of subrogation is applicable."  *Cowan*, 2011 WL 2791248, at *2.  The court therefore concludes that Pyramid lacks prudential standing under the Carmack Amendment to assert Macias' claims and its own claims.

---

[8]"Subrogation requires (1) the party to have paid a debt to a third party on behalf of the other party and (2) that he must have been compelled to do so, such as by a surety agreement."  *Lyndon Prop. Ins.*, 475 F.3d at 271 (citing *Prairie State Nat'l Bank v. United States*, 164 U.S. 227, 231 (1896) (addressing equitable subrogation)).

- 13 -

IV

This lawsuit was removed based on federal question jurisdiction. Assuming that Pyramid is unable to avoid summary judgment dismissing its claim under the Carmack Amendment, only Pyramid's and Greatwide's state-law breach of contract claim and counterclaim, respectively, will remain. If this court has diversity jurisdiction, it can retain the case rather than remand it to state court.

From the court's review of Pyramid's second amended complaint, it appears likely that the parties are completely diverse citizens. Pyramid is alleged to be a Minnesota corporation with its principal place of business in Minnesota. Greatwide is alleged to be a Delaware corporation with its principal place of business in Texas. Given Greatwide's connections to Delaware and Texas, it is unlikely that any of its members is a Minnesota citizen. It also appears from the record that the amount in controversy likely exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, subject to the procedural requirement imposed next, the court will retain rather than remand the case, even if only state-law breach of contract claim and counterclaim remain.

As the removing party, Greatwide is obligated to demonstrate that the court has subject matter jurisdiction. Accordingly, within 21 days after the court files its decision addressing Pyramid's Carmack Amendment claim (assuming the court dismisses the claim leaving only the state-law claims), Greatwide must file a document that alleges the citizenship of each of its members. Because Greatwide is a limited liability company, its citizenship is determined based on that of its members. "All federal appellate courts that

- 14 -

have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases).  The citizenship of each member of a limited liability company must be alleged.  *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]").  Greatwide must also allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Once Greatwide does so, the court will have diversity jurisdiction over the parties' remaining breach of contract claim and counterclaim.[9]  If Greatwide does not establish the court's diversity jurisdiction, the court will enter a final judgment dismissing the Carmack Act claim and remand the remainder of the lawsuit to state court.

V

Regarding the ground for summary judgment that the court has raised *sua sponte*, Pyramid may file an opposition response, brief, and appendix within 21 days of the date this memorandum opinion and order is filed.  The court will evaluate Pyramid's papers before deciding whether to invite Greatwide to reply.

---

[9]Because it is possible the court will exercise jurisdiction over Greatwide's breach of contract counterclaim based on diversity of citizenship, the court denies without prejudice as moot Pyramid's motion to sever, in which it seeks to sever Greatwide's counterclaim into a separate lawsuit based on lack of jurisdiction.

* * *

For the reasons explained, the court raises *sua sponte* that Greatwide is entitled to summary judgment dismissing Pyramid's Carmack Amendment claim because Pyramid lacks prudential standing.  The court denies Greatwide's October 31, 2012 motion for summary judgment to the extent it is based on the contention that Pyramid lacks constitutional standing to bring its Carmack Amendment claim.  The court denies the balance of Greatwide's motion without prejudice to reconsidering it (or permitting a supplemental motion) if the court retains jurisdiction over the parties' state-law breach of contract claim and counterclaim.

The court denies Pyramid's June 8, 2012 motion for partial summary judgment, denies without prejudice as moot Pyramid's June 8, 2012 motion to sever, and grants Pyramid's October 30, 2012 motion for leave to file an amended reply brief.[10]

**SO ORDERED.**

March 7, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[10]There are other pending motions in this case, but they are not being decided in this memorandum opinion and order.