IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PYRAMID TRANSPORTATION, INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:12-CV-0149-D |
| VS. | § | |
| | § | |
| GREATWIDE DALLAS MAVIS, LLC | § | |
| D/B/A GREATWIDE DALLAS MAVIS, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

In the court's prior memorandum opinion and order in this case, it held that defendant

Greatwide Dallas Mavis, L.L.C. d/b/a Greatwide Mavis ("Greatwide") was entitled to

summary judgment dismissing Pyramid Transportation, Inc.'s ("Pyramid's") Carmack

Amendment claim because Pyramid lacked prudential standing. *Pyramid Transp., Inc. v.

Greatwide Dall. Mavis, LLC*, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) (Fitzwater,

C.J.) ("*Pyramid II*"). Because the court raised this ground for summary judgment *sua sponte*,

it afforded Pyramid an opportunity to oppose dismissal of its Carmack Amendment claim on

this basis. *Id.* Having considered Pyramid's response, the court concludes that Pyramid's

claim under the Carmack Amendment claim must be dismissed. The court will, however,

grant the real party in interest 30 days to ratify, join, or substitute into this action. The court

also concludes that, if the real party in interest does not ratify, join, or substitute into this

action and diversity jurisdiction is not established, the balance of the case will be remanded

to state court.

I

The background facts of this case are set out in *Pyramid II*. *Id.* at *1-2. The court will therefore recount only the facts and procedural history necessary to address Pyramid's opposition response.

This lawsuit arises from an accident in which a large articulated Caterpillar dump truck owned by Claudio Macias ("Macias")[1] was damaged while being shipped from Georgia to Texas. Macias is a customer of Pyramid, a transportation broker. Pyramid arranged for Greatwide, an interstate motor carrier, to transport the truck. Following the accident, Pyramid paid a third-party approximately $5,000 to transport the truck to Texas, and Pyramid is now incurring storage costs for the damaged truck. Until this case is resolved, Macias refuses to pay Pyramid for approximately $80,000 worth of services rendered. Pyramid has in turn refused to pay Greatwide for services rendered on other jobs.

Pyramid originally sued Greatwide in Texas state court on behalf of itself and Macias, alleging a right to recover under the Carmack Amendment. Greatwide removed the case to this court under 28 U.S.C. § 1441 based on this court's jurisdiction over a Carmack Amendment claim exceeding $10,000. *See* 28 U.S.C. § 1337(a). Pyramid later sought leave to amend to drop Macias as a party, and it obtained a durable power of attorney to act on his behalf regarding litigation involving the truck. Pyramid's present Carmack Amendment claim seeks to recover on behalf of Macias for damages to his truck and on Pyramid's behalf

---

[1]Ownership of the truck is a contested issue. For purposes of this decision, the court will assume *arguendo* that Macias owns the truck, as Pyramid maintains.

for damages resulting from transporting the truck to Texas, loss of use, lost business opportunities, and the costs of storing the truck.  On the parties' cross-motions for summary judgment, the court raised *sua sponte* that Pyramid's Carmack Amendment claim should be dismissed because Pyramid lacks prudential standing and permitted Pyramid to file an opposition response.  Pyramid has responded.

## II

### A

In its opposition response, Pyramid recognizes that it is not entitled to sue under the Carmack Amendment.  *See* P. Opp. Br. 3 ("Pyramid acknowledges that, as a broker, it is not entitled to recover under a bill of lading, even if one existed, which it does not, and that its injuries necessarily sound in Texas contract law.").  Pyramid likewise does not take issue with the conclusion in *Pyramid II* that the Carmack Amendment does not allow Pyramid, a broker, to assert a shipper's legal rights.  *See Pyramid II*, 2013 WL 840664, at *4.  Pyramid instead contends that it can maintain the Carmack Amendment claim in its own name on behalf of Macias because it has a durable power of attorney from Macias.  Pyramid's argument appears to be that, because it has constitutional standing, *see id.* at *3, it can bring suit in its own name, and because it has a power of attorney, it can assert Macias' rights.

### B

A party can bring suit on behalf of another party pursuant to a power of attorney, but the "action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  "The real party in interest is the person holding the substantive right sought to be

- 3 -

enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001); *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009). This requirement is in essence a codification of the prudential standing requirement that a litigant cannot sue in federal court to enforce the rights of third parties. *See Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320, 320 n.10 (5th Cir. 1999) (stating that Rule 17(a) addresses prudential standing limitation); *see also RMA Ventures Cal. v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009). "A plaintiff that does not possess a right under the substantive law is not the real party in interest with respect to that right and may not assert it." *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 279 F.R.D. 395, 409 (S.D. Tex. 2011) (citing *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969)). Rule 17(a) lists persons who "may sue in their own names without joining the person for whose benefit the action is brought," Rule 17(a), but the list "is not meant to be exhaustive and anyone possessing the right to enforce a particular claim is the real party in interest even if that party is not expressly identified in the rule." *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 141 (5th Cir. 1990) (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1543 (2d ed. 1990)). As Pyramid acknowledges, the Carmack Amendment does not provide it a right to sue on its own behalf or on behalf of Macias. And the fact that Pyramid has constitutional standing has no bearing on this. But it is nonetheless possible for Pyramid to be the real party in interest. For example, it could become the real party in interest through an assignment. *See* 6A Charles Alan Wright, Arthur Miller, Mary Kay Kane, *Federal Practice and Procedure*

- 4 -

§ 1545, at 490-99 (3d ed. 2010) (discussing real parties in interest via assignment); *S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 465 (Tex. App. 2000, no pet.) (holding that once "a cause of action is assigned or transferred, the assignee becomes the real party in interest with the authority to prosecute the suit to judgment"). The question, therefore, is whether the power of attorney, as construed under state law, provides Pyramid a right under the substantive law.[2]

The court concludes that it does not. "A power of attorney is a written instrument by which one person, the principal, appoints another as agent and authorizes the agent to perform certain specified acts on behalf of the principal." 3 Tex. Jur. 3d § 26 (citing *Eastham v. Hunter*, 114 S.W. 97 (1908); *Comerica Bank-Texas v. Tex. Commerce Bank Nat'l Ass'n*, 2 S.W.3d 723 (Tex. App. 1999, pet. denied)). That is, it does not itself provide the agent with a substantive right as an assignment does. For this reason, it is generally acknowledged that a party with only a power of attorney is not a real party in interest. *See, e.g., Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir. 1997) ("The grant of a power of attorney. . . is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own

---

[2]Although the court's subject matter jurisdiction is not premised on diversity, the court nonetheless looks to state substantive law to determine whether power of attorney, which is governed by Texas law, provides Pyramid a substantive right. *See BAC Home Loans Servs., LP v. Tex. Realty Holdings, LLC*, 901 F.Supp.2d 884, 907 (S.D. Tex. 2012) ("[W]hile the question of whether a claimant is the real party in interest is a procedural one, 'that question must be answered with reference to *substantive* state law.'" (quoting *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 48 (2d Cir. 2005) (emphasis in original)).

name.") (applying New York law); 4 *Moore's Federal Practice* § 17.10[4] (3d ed. 2012) ("An attorney-in-fact is not a real party in interest. The attorney is merely an agent of the real party in interest and does not possess interests sufficient to qualify for real party in interest status. Thus, the attorney-in-fact cannot bring suit in its own name.").

Nevertheless, some Texas courts have allowed an agent with power of attorney to sue in his own name.[3] Although the general rule in Texas law is that an agent lacks standing to bring suit in his own name for an injury to the principal, *see Tinsley v. Dowell*, 26 S.W. 946, 948 (Tex. 1894), this line of Texas cases holds that an agent has standing to bring a suit in his own name on behalf of the principal if he pleads that he is suing on behalf of a principal with a justiciable interest in the case. *See Rodarte v. Investeco Grp., L.L.C.*, 299 S.W.3d 400, 406 (Tex. App. 2009, no pet.); *AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 652-53 (Tex. App. 2007, pet. denied). The relevant distinction, according to these cases, is that the agent in *Tinsley* sued in his own name and *on his own behalf* and therefore lacked standing because he did not have an enforceable right, whereas the plaintiffs in *Rodarte* and *AVCO* alleged in their pleadings that they were suing on behalf of their respective principals. *See Rodarte*, 299 S.W.3d at 406-07. These cases make clear that, although an agent may sue in his own name pursuant to power of attorney in Texas courts, he is able to do so because these courts adopted a procedural rule allowing an agent to maintain a suit in his own name when

---

[3]At least one case has held otherwise. *See Elizondo v. Tex. Nat'l Res. Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App. 1998, no pet.) (holding that plaintiff's appointment as attorney-in-fact did not authorize her to bring suit on behalf of principals in a representative capacity).

he pleaded that he was acting on behalf of the principal, and not because the agent possessed the substantive right sought to be enforced.  That is, in these cases the power of attorney allowed the agent to assert the substantive right only when he was acting on the principal's behalf.  If the agent possessed the substantive right via power of attorney, he would be able to sue in his own name without stating that the suit was on behalf of another entity or person.  *See BAC Home Loans Servs., LP v. Tex. Realty Holdings, LLC*, 901 F.Supp.2d 884, 907 (S.D. Tex. 2012) ("[W]hile the question of whether a claimant is the real party in interest is a procedural one, "that question must be answered with reference to *substantive* state law." (quoting *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 48 (2d Cir. 2005) (emphasis in original)).  Therefore, because Pyramid is the agent and does not possess a substantive right under the Carmack Amendment—even with the power of attorney—it is not a real party in interest under Rule 17(a).[4]

---

[4]Furthermore, "'the modern function of [Rule 17] in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.'"  6A Wright & Miller (3d ed.), *supra*, § 1543, at 480 (quoting Rule 17 advisory committee's notes (1966 Amendments)).  *See also In re Signal Int'l*, 579 F.3d at 487 ("The purpose of this requirement 'is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right.'" (quoting *Farrell*, 896 F.2d at 142)).  This concern appears to be present here because Macias has filed a separate Carmack Amendment claim against Greatwide that is now pending in the Southern District of Texas.

- 7 -

C

The fact that Pyramid is not a real party in interest does not end the matter.  Rule 17(a)(3) states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

"This provision requires the defendant to object in time to allow the opportunity for joinder of the ostensible real party in interest, and the defense may be waived if the defendant does not timely object."  *In re Signal Int'l*, 579 F.3d at 487-88 (citing *Gogolin & Stelter v. Karn's Auto Imps., Inc.*, 886 F.2d 100, 102 (5th Cir. 1989)).  "The defendant timely objects so long as joinder of the real party in interest remains 'practical and convenient.'"  *Id.* at 488 (quoting *Rogers v. Samedan Oil Corp.*, 308 F.3d 477, 484 (5th Cir. 2002)).  "There is no magic formula for determining practicality and convenience," *id.* (citing 6A Wright & Miller (2d ed.), *supra*, § 1554), and the court must instead look to the facts of each case.

> The relevant factors for making this determination are when the defendant knew or should have known about the facts giving rise to the plaintiff's disputed status as a real party in interest; whether the objection was raised in time to allow the plaintiff a meaningful opportunity to prove its status; whether it was raised in time to allow the real party in interest a reasonable opportunity to join the action if the objection proved successful; and other case-specific considerations of judicial efficiency or fairness to the parties.

*Id.*

- 8 -

The court in its discretion concludes that Greatwide's motion was not tardy, but it also holds that Macias has not yet been afforded a reasonable time to ratify, join, or be substituted into this action.  Greatwide did not argue that Pyramid is not the real party in interest until its reply to Pyramid's response in *Pyramid II*, but it did argue in its motion for summary judgment that Pyramid cannot recover under the Carmack Amendment.  And although a Rule 17 motion can be deemed tardy when not raised early in litigation, *see* 6A Wright & Miller (3d ed.), *supra*, § 1554, at 556-64, Greatwide did not discover until Pyramid moved for summary judgment that Pyramid might not be the proper plaintiff because it has a power of attorney rather than an assignment.  Because there does not appear to be any reason why Macias cannot, if he so desires, ratify, join, or be substituted into this action, and because, soon after learning that Pyramid did not have an assignment, Greatwide contested whether Pyramid could recover under the Carmack Amendment claim, the court finds that joinder of the real party in interest remains practical and convenient.  The court therefore declines to dismiss the case without allowing the real party in interest 30 days to ratify, join, or be substituted into the action.[5]

---

[5]The court grants Greatwide's April 17, 2013 motion for leave to file appendix in support of reply.  The appendix includes correspondence between the attorneys for Pyramid and Greatwide in which Pyramid's attorney states that Pyramid plans to proceed on its claim in Dallas and Macias plans to proceed on its Carmack Amendment claim in Hidalgo County. D. App. 9.  Despite this evidence that Macias will not ratify, join, or be substituted into this case, the court concludes that Macias should be afforded this opportunity, even if he opts not to do so.

III

Following the dismissal of Pyramid's Carmack Amendment claim, unless the real party in interest ratifies, joins, or substitutes into this case, only Pyramid's state-law breach of contract claim[6] and Greatwide's state-law counterclaim will remain.  Absent a showing of diversity jurisdiction, the court will remand the case to state court.  *See, e.g., Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (holding that court has discretion to remand case removed based on federal question where federal question claim has dropped out of case and parties are not diverse citizens) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction).  As of now, diversity jurisdiction has not been properly alleged or established.  Pyramid's proposed second amended complaint does not properly plead diversity

---

[6]Pyramid has not yet pleaded a breach of contract claim.  Although the court previously granted Pyramid leave to file a second amended complaint that included a breach of contract claim, *see Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, 2012 WL 5875603, at *3 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.), Pyramid never filed the second amended complaint, as N.D. Tex. Civ. R. 15.1(b) requires.  In *Pyramid II* the court noted this procedural defect and relied on Pyramid's proposed second amended complaint when addressing several motions.  The court explicitly stated, however, that "Pyramid must . . . separately file the second amended complaint, as Rule 15.1(b) requires, within 14 days of the date this memorandum opinion and order is filed."  *Pyramid II*, 2013 WL 840664, at *1 n.3.  Pyramid has still failed to file an amended complaint, although it has separately moved for leave to file a second amended complaint.  *See infra* note 7.  Nevertheless, for purposes of this analysis, the court will assume that Pyramid has alleged a breach of contract claim.

jurisdiction.[7]  First, the proposed pleading relies on federal question jurisdiction based on the Carmack Amendment.  *See* Prop. 2d Am. Compl. ¶ 5 ("The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court and pursuant to 49 U.S.C.A. §14706(d).").  Second, in pleading the parties' citizenship, Pyramid alleges that Greatwide "is a Delaware limited liability company registered to conduct business in the State of Texas with its principal place of business [in Texas]." *Id.* at ¶ 2.  The citizenship of a limited liability company, however, is determined by the citizenship of all of its members.  "All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]" *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).[8]  And diversity jurisdiction has not otherwise been established.

---

[7]Pyramid has filed a June 28, 2013 motion for leave to amend and a July 1, 2013 amended motion for leave to amend in which it seeks leave to file a second amended complaint (which it refers to by the state term, "petition").

[8]There are other motions pending in this case that the court is not reaching in view of the present posture of the case.

*   *   *

For the reasons explained, Pyramid's Carmack Amendment claim is dismissed, and the court grants the real party in interest 30 days to ratify, join, or be substituted into this action.  If the real party in interest does not ratify, join, or substitute into this action and diversity jurisdiction is not established, the balance of this case will be remanded to state court.

**SO ORDERED.**

July 25, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 12 -